**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**

**JASON DEAN BORDEN** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 1:08CV-P27-M**

**RALEY, BGPD Detective et al.** **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff, Jason Dean Borden, filed a *pro se, in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff is a pretrial detainee who was incarcerated at the Warren County Jail at the time he instituted these four civil-rights complaints. Because the four complaints arose out of the same nucleus of facts, they were consolidated into the instant action. He sues the Honorable Steve Wilson, state-court judge; three of his attorneys: Renue Tuck; Ken Garrett, and Greg Berry; Clerk of Court for the Warren Circuit Court, Pat Howell Goad; and Detective Raley at the Bowling Green Police Department.

In his complaint against Judge Wilson, Tuck, and Garret,[1] his allegations are that since 1996 Judge Wilson has demonstrated malice and used his office to illegally violate Plaintiff's rights and has controlled both "counsel and prosecution of Jason Borden and directly violated his rights for Due Process under the Fourth and Fifth Amendments." He alleges that two motions to

[1] Plaintiff states that he is suing these defendants in their official and individual capacities.

plead guilty have been denied and that it has been more than 180 days since formal requests for a fast and speedy trial were made.

In his complaint naming Tuck, Detective Raley, and Judge Wilson, Plaintiff alleges that Tuck was appointed as counsel for him in 2006, that Tuck and Raley are close relatives and that Tuck met to discuss evidence to be presented by Raley which, apparently, allowed Raley to give prejudicial testimony and enabled Raley to violate Plaintiff's rights. He appears to further allege that Tuck, Wilson, and Raley held hearings at which Plaintiff was not allowed to be present.

In his complaint against Goad and Wilson, Plaintiff alleges that he has exhausted his available remedies in the Warren Circuit Court and that he has failed on 35 separate occasions to schedule hearings for motions that he had filed.

In his complaint against Berry, Plaintiff alleges that Berry as his counsel has conspired to violate Plaintiff's Fourth, Fifth, Seventh, Eighth and Fourteenth Amendment rights and enabled the other Defendants to complete their own violations. He alleges that Berry became his court-appointed counsel in May or June 2007 and that, although Berry was given a document demanding that he file for a fast and speedy trial, Berry "conspired to not file exact motion and allow numerous violations to be unlawfully enacted upon Plaintiff for the purpose of conspiracy."

As relief in all of his complaints, Plaintiff requests that all charges that have passed the 180-day mark against him be dismissed; that a decision be issued that the Warren Circuit Court cannot use those charges against him again; and that he be awarded his gross income for lost wages and other monetary damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007).

***Claims against Judge Wilson***

Section 1983 of Title 42 of the U.S. Code provides a civil remedy to individuals who suffer injury from the deprivation of a federal right by a person acting "under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). However, a judge performing judicial functions is absolutely immune from suit seeking monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). Judicial immunity is available even if the judge acts maliciously, corruptly, or in bad faith. *Id.* at 11. A judge will not be immune from suit where: 1) the judge acts in a non-judicial capacity; or 2) the judge acts in the complete absence of all jurisdiction. *Id.* at 11-12. However, a judge acts in the complete absence of all jurisdiction only if a matter was clearly outside the court's subject matter

jurisdiction. *King v. Love*, 766 F.2d 962, 966 (6th Cir. 1985).

Because Plaintiff essentially complains only about conduct that comprises the very core of Judge Wilson's official duties, the Court concludes that absolute judicial immunity bars the claims for monetary damages against Judge Wilson. *See Mireless*, 502 U.S. at 9.

To the extent that Plaintiff seeks equitable relief, § 1983 does not allow it except in certain cases. Section 1983 provides in pertinent part that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Plaintiff does not allege and nothing in the complaints suggests that a declaratory decree was violated or that declaratory relief was unavailable. Therefore, Plaintiff's claims against Judge Wilson will be dismissed by separate order. *See Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006).

***Claims against Plaintiff's attorneys***

According to Plaintiff's complaints, Tuck and Berry are, or were, his court-appointed attorneys. Ken Garrett also was his attorney at some point. Plaintiff appears to have retained Garrett's services.

It is firmly established that defense counsel, while acting in that capacity, is not a state actor for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 Fed. Appx. 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983"). Thus, Plaintiff

has failed to state a claim under § 1983 against these defendants.

Plaintiff's very vague allegations against Berry are that Berry conspired to violate his constitutional rights. To the extent that Plaintiff is attempting to raise a claim under 42 U.S.C. § 1985(3), the Court finds that Plaintiff fails to state a claim. Section 1985(3) states in pertinent part as follows:

> If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

In order to prove a claim of conspiracy in violation of 42 U.S.C. § 1985(3), Plaintiff must prove: (1) a conspiracy of two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or the deprivation of any right or privilege of the United States. *Johnson v. Hills & Dales Gen. Hospital*, 40 F.3d 837, 839 (6th Cir. 1994). The Plaintiff must also show that the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus. *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). As articulated by the Supreme Court,

> Whatever may be the precise meaning of a "class" for purposes of *Griffin*'s speculative extension of § 1985(3) beyond race, the term unquestionably connotes something more than a group of individuals who share a desire to engage in conduct that the § 1985(3) defendant disfavors. Otherwise, innumerable tort plaintiffs would be able to assert causes of

> action under § 1985(3) by simply defining the aggrieved class as those seeking to engage in the activity the defendant has interfered with. This definitional ploy would convert the statute into the "general federal tort law" it was the very purpose of the animus requirement to avoid.

*Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 269 (1993). Moreover, "[a] class protected by section § 1985(3) must possess the characteristics of a discrete and insular minority, such as race, national origin, or gender." *Haverstick Enters., Inc. v. Fin. Fed. Credit, Inc*., 32 F.3d 989, 994 (6th Cir. 1994). To state a claim for conspiracy under § 1985(3), there must be specific factual allegations showing the existence of the conspiracy, as well as allegations that the Defendants acted with the specific intent to deprive Plaintiff of equal protection of the law; general, conclusory allegations are not enough. *Azar v. Conley*, 456 F.2d 1382, 1384 (6th Cir. 1972).

In the present case, Plaintiff has not alleged that there existed a conspiracy that was motivated by any racial or other class-based animus. Nor has Plaintiff alleged specific factual allegations sufficient to state a § 1985(3) conspiracy claim. Plaintiff's allegations concerning conspiracy are entirely conclusory. Consequently, Plaintiff has failed to state a claim under § 1985(3). Therefore, Tuck, Berry, and Garrett will be dismissed as Defendants by separate order.

***Claims against Clerk of Court Pat Goad***

The claims against Clerk of Court Goad, though vague, appear to be that hearings have not been scheduled for Plaintiff. The individual-capacity claims against the Clerk of Court are barred by absolute quasi-judicial immunity. Court officers, including court clerks, are entitled to such immunity when "performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38

F.3d 842, 847 (6th Cir. 1994). The Supreme Court has articulated a "functional" approach to determine whether an official is entitled to absolute immunity. *Forrester v. White*, 484 U.S. 219, 224 (1988); *Bush v. Rauch*, 38 F.3d at 848. Under the "functional" approach, a court looks to the "nature of the function performed, not the identity of the actor who performed it." *Forrester v. White*, 484 U.S. at 229.

In the present case, although vague, Plaintiff's claim against the Clerk of Court, in essence, is that the Clerk of Court failed to promptly schedule hearings. Courts have found that clerks are immune from actions based on errors and delays in carrying out their duties. *See Lyle v. Jackson*, 49 Fed. Appx. 492, 494 (6th Cir. 2002) (court held claims against two court clerks for monetary damages for allegedly failing to provide copies were properly dismissed for quasi-judicial immunity); *Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988) (per curiam) (Sixth Circuit found that the clerk who erroneously issued an arrest warrant was entitled to immunity); *Sampson v. City of Xenia*, 108 F. Supp. 2d 821, 829-30 (S.D. Ohio 1999) (district court found that the clerk, who had failed to send a judge's dismissal order in an action to the jail in which the plaintiff was incarcerated resulting in the plaintiff remaining incarcerated for three months after the dismissal, was entitled to immunity). Thus, Goad will be dismissed as a defendant based on immunity.

***Claims against Detective Raley***

Plaintiff's only claims against Detective Raley are that he and Tuck are "close relatives" and that Tuck met with Raley at which time Tuck gave prejudicial testimony and enabled Raley "in exacting efforts as to violate Plaintiff's rights." He further states that Tuck, Raley and Wilson were all aware of the "illegal violations" and held conferences and meetings and

discussed charges and evidence without giving Plaintiff his legal right to counsel. Plaintiff does not specify in what capacity he is suing Raley. Because Plaintiff references Detective Raley in the context of his official position, the claim will be construed as brought against Detective Raley in his official capacity. *See Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (en banc) (where § 1983 plaintiff fails to affirmatively plead capacity in the complaint, the Court looks to the course of proceedings to determine whether the Sixth Circuit's concern about notice to the defendant has been satisfied).

If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claims against Detective Raley, an employee of the Bowling Green Police Department, in his official capacity are actually brought against the Bowling Green city government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts

of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

In the instant case, Plaintiff has failed to allege the existence of a governmental policy or custom relative to the nature of his complaints and claims. Therefore, the claims against Detective Raley must be dismissed for failure to state a claim.

## III. CONCLUSION

By separate order, the Court will dismiss Plaintiff's claims.[2]

Date: May 12, 2008

Joseph H. McKinley, Jr., Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
Warren County Attorney
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.009

[2] Were dismissal not appropriate for failure to state a claim and due to immunity, the Court would abstain under *Younger v. Harris*, 401 U.S. 37 (1971), given that Plaintiff has a pending criminal case over which the state has an important interest in adjudicating.