# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN

**JASON DEAN BORDEN et al.**                                                                                 **PLAINTIFFS**

**v.**                                                                          **CIVIL ACTION NO. 1:08-CV-P27-M**

**RALEY, BGPD Detective et al.**                                                                        **DEFENDANTS**

## MEMORANDUM AND ORDER

On April 28, 2008, Nancy Sue Douglas, the mother of Plaintiff Jason Dean Borden, was dismissed as a plaintiff in this action for failing to sign the complaint and for failure to comply with filing fee requirements. On May 12, 2008, this Court entered an order dismissing with prejudice Plaintiff Borden's civil-rights case for failure to state a claim and for seeking monetary damages against defendants who are immune from such relief.

Also on May 12, 2008, the Court denied Nancy Sue Douglas's request to have all of Plaintiff's mail from this Court sent to her rather than to the address provided by Plaintiff. The Court explained that Ms. Douglas is not a party to this action. Her status as "POA," by which the Court assumed that Ms. Douglas intended to signify that she has "power of attorney" for Plaintiff Borden, did not entitle her to change Plaintiff's mailing address or receive Plaintiff's mail or represent Plaintiff in this Court in any way. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage."); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir.1991) (explaining that § 1654 "'does not allow for unlicensed laymen to represent anyone else other than themselves'" (citation omitted)). Nothing in Ms. Douglas's letter suggested that Plaintiff Borden was prevented in some way from filing with this Court a notice of change of address.

Ms. Douglas has now filed a motion for any and all court dates, "appt. of counsel – exceptional circumstances"; issuance of "info so Nancy Douglas can be a witness"; and copies of any paperwork (DN 32).[1] She argues that she did send to the Court "all info . . . re: waiving the fee and wanting to be a party to said hearings, etc." The Court will therefore interpret her motion in this regard to be a motion for reconsideration of this Court's order dismissing her as a plaintiff. The Court will deny the motion, however. Putting aside Ms. Douglas's failure to provide a signature to the complaint and to comply with the filing fee requirements as ordered by the Court, nothing in the complaints[2] suggested that Ms. Douglas's constitutional rights were violated by Defendants.

A complaint filed under § 1983 must show a causal connection between the named defendants and the alleged constitutional deprivation. "Congress did not intend § 1983 to attach where causation is absent." *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The complaint wholly fails to provide any details explaining how any Defendant violated *Ms. Douglas's* rights or otherwise cause *her* any harm. Thus, even if Ms. Douglas had complied with the Court's Order to provide a signature and either her pro rata share of the $350 filing fee or the appropriate application to proceed *in forma pauperis*, the Court would have had to dismiss Ms. Douglas as a plaintiff in this action. Therefore, Ms. Douglas's motion, inasmuch as the Court construes it to be a motion to reconsider its dismissal of her as a plaintiff (DN 32), is **DENIED**. The remainder of her requests in the motion, *i.e.*, for appointed counsel, for her to be

---

[1] She attaches a copy of a form signed by Plaintiff Borden on May 9, 2008, appointing her power of attorney to act in legal, medical and financial matters on Plaintiff Borden's behalf.

[2] Plaintiff Borden actually filed four separate complaints, which were consolidated into one action because they concerned the same nucleus of facts.


a witness, and for copies of paperwork, are all **DENIED as moot**.

Date:

cc:     Plaintiff Jason Dean Borden, *pro se*
        Nancy Sue Douglas
        Defendants

4414.009